IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KASSIM S. AL YAFEAI<br>A 44 652 661 | )<br>)<br>) | Case No. FILED: AUGUST 26, 2008<br>08CV4869 |
| Plaintiffs, | )<br>) | Judge JUDGE ST. EVE |
| v. | )<br>) | Magistrate MAGISTRATE JUDGE KEYS |
| U.S. DEPARTMENT OF HOMELAND SECURITY; SECRETARY MICHAEL CHERTOFF; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; RUTH DORCHOFF, DISTRICT DIRECTOR; MICHAEL MUKASEY, US ATTORNEY GENERAL AND THE UNITED STATES OF AMERICA; FEDERAL BUREAU OF INVESTIGATION, ROBERT MUELLER, DIRECTOR. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | AO<br><br>Jury Demand |
| Defendants. | ) | |

## PETITION FOR HEARING ON NATURALIZATION APPLICATION

NOW COMES the Petitioner, KASSIM S. AL YAFEAI, by and through his attorneys, Omar A. Abuzir, of Horn, Khalaf, Abuzir & Mitchell, LLC, and respectfully petitions this Court for hearing on naturalization application, and in support thereof, states as follows:

### STATEMENT OF ACTION

1. This action is brought to compel action on Application for Naturalization ("N-400") properly filed with the United States Citizenship and Immigration Services ("USCIS") by the Plaintiff. To the Plaintiff's detriment, Defendants have failed to adjudicate the application.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 8 U.S.C. § 1447(b) and Immigration and Nationality Act ("INA") Section 336(b). These provisions specifically provides for judicial review when the USCIS fails to make a decision on a naturalization application within 120 days after examination.

2. This Court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C. §1331; 28 U.S.C.§1361. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C.§§2201-2202.

3. This action is brought to compel the Defendants, an officer and an agency of the United States, to perform the duties arising under the laws of the United States.

4. This Court has jurisdiction to hear actions arising from claims that an agency or officer or employee of a government agency failed to act in its official capacity and the person to whom the duty was owed suffered a legal wrong. 5 U.S.C. §702.

5. This action invokes the Plaintiffs' right of due process under the Fifth Amendment of the United States Constitution, over which this Court retains jurisdiction.

6. This action is brought due to the repeated failure of the Defendants to perform their duty to adjudicate the Plaintiffs' N-400 Application for

   Naturalization application within a reasonable amount of time. Failure to adjudicate said application has resulted in harm to the Plaintiff.

7. The USCIS interviewed the plaintiff on his application for naturalization on July 1, 2003.

8. Venue is proper in the Northern District of Illinois because Respondents reside in the Northern District of Illinois, a substantial part of the activities complained of occurred in the Northern District of Illinois, and petitioner resided in this judicial district. See 8 U.S.C. §1391(e).

9. Plaintiff has exhausted all of his administrative remedies in this case as required by 8 C.F.R. §336.9.

## PARTIES

10. Plaintiff is a native of Yemen, who has been a Lawful Permanent Resident since June of 1995. He has continuously resided in the United States and has satisfied the residency requirements for naturalization, has been a person of good moral character and has demonstrated knowledge of the English language and U.S. government and history as required by §316, 8 U.S.C.S. §1427.

11. Defendant Michael Chertoff ("Chertoff"), the Secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates has authority to adjudicate naturalization petitions filed with the United States

3

    Citizenship and Immigration Services (USCIS) to accord them citizenship under the provisions of §335 of the Immigration Act, 8 U.S.C.S. §1446.

12. Michael Mukasey ("Mukasey"), the Attorney General of the United States, is being sued in his official capacity only. Mukasey is authorized to promulgate regulations governing the implementation and administration of the Immigration and Nationality Act pertaining to the naturalization of legal resident aliens and other qualified aliens.

13. Defendant Ruth Dorchoff ("Dorchoff"), is the District Director of Chicago USCIS, is being sued in his official capacity only. Dorchoff is charged with supervisory authority over all of Chicago USCIS operations and USCIS agents and officers acting in their official capacity.

14. Defendant Robert Mueller ("Mueller"), is the Director of the Federal Bureau of Investigations, is being sued in his official capacity. Mueller is charged with supervising authority over FBI operations and FBI agents and officers acting in their official capacity.

## CAUSE OF ACTION

15. Plaintiff filed Form N-400, Application for Naturalization with the USCIS in the year of 2002 pursuant to §334 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 8 U.S.C. §1445. SEE EXHIBIT "A"

16. That on July 1, 2003, Plaintiff was scheduled at the Chicago

  Citizenship Office and was interviewed by Officer Yeenbaas.  Plaintiff had passed the tests of English, U.S. History and Government and was advised that a decision will be forwarded to the Plaintiff in the mail.  No additional evidence was requested by the adjudicating officer.  SEE EXHIBIT "B"

17. That Plaintiff and counsel have been informed by USCIS that due to circumstances involving enhanced security procedures, USCIS has been unable to completely process the Plaintiff's N-400 application.

18. Section 322, 8 U.S.C.S. §1443 (a) states in pertinent part:

 (a) Rules and regulations governing examination of applicants.  The Attorney General shall make such rules and regulations as may be necessary to carry into effect the provisions of this chapter and is authorizes to prescribe the scope and nature of the examination of applicants for naturalization as to their admissibility to citizenship.  Such examination, shall be limited to inquiry concerning the applicant's residence, physical presence in the United States, good moral character, understanding of and attachment to the fundamental principles of the Constitution of the United States, ability to reads, write, and speak English, and other qualifications to become a naturalized citizen as required by law, and shall be uniform throughout the United States.

19. The regulation promulgated by the Attorney General, 8 C.F.R. §335.1 states as follows:

Investigation of applicant:

Subsequent to the filing of an application for naturalization, the Service shall conduct an investigation of the applicant.  The investigation shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application.  The district director may waive the neighborhood investigation of the applicant provided for in this paragraph.

Section 355.2, 8 C.F.R., states:

Examination of applicant.

(a) General.　Subsequent to the filing of an application for naturalization, each applicant shall appear in person before a Service officer designated to conduct examination pursuant to §332.1 of this chapter.　The examination shall be uniform throughout the United States and shall encompass all factors relating to the applicant's eligibility for naturalization.　The applicant may request the presence of an attorney or representative who has filed an appearance in accordance with part 292 of this chapter.

(b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full background check of an applicant has been completed.　A definitive response that a full criminal background check on an applicant has been completed includes:

　　(1)　Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;

　　(2)　Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or a criminal record; or

　　(3)　Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FD-258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

20. That the reasons given by Defendants are pretextual and have no basis in law or in any of the regulations promulgated by the Attorney General.　That the investigation of Plaintiff's petition for naturalization, including the criminal record check by the Federal Bureau of Investigation was completed prior to the examination of the Plaintiff and the Defendant's actions are solely intended to indefinitely frustrate

6

and deny citizenship to the Plaintiff.

21. That pursuant to §336, 8 U.S.C. §1447, Defendant Dorchoff was required to make a determination on Plaintiff's application for naturalization within 120 days following examination. That said period has expired.

    **WHEREFORE**, Plaintiff prays that this court grant him the following Relief:

A. To hold a hearing on Petitioner's application for naturalization as required by §336, 8 U.S.C.S. §1447(b) on his application for naturalization;

B. To grant him citizenship pursuant to his application for naturalization;

C. Awarding Plaintiffs reasonable attorney's fees pursuant to 28 U.S.C. §2412 for failure of the Defendants to perform their duties within a reasonable amount of time; and

D. Granting such other relief at law and in equity as justice may so require.

                        Respectfully submitted,
                        Kassim S. Al Yafeai

                        By: __s/ Omar A. Abuzir_____

Horn, Khalaf, Abuzir & Mitchell, LLC
Attorneys for Plaintiffs
10003 S. Roberts Road
Palos Hills, Illinois 60465
(708)233-1122
(FAX) 233-1161